32

**United States District Court**
**Southern District of Texas**
**FILED**

JAN 0 5 2004

**Michael N. Milby**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LUIS ALEJANDRO GARZA,       *
     Plaintiff,                  *
                               *
v.                             *      Civil Action No. B-02-154
                               *
UNITED STATES OF AMERICA,   *
     Defendant.                 *

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
## AND MOTION FOR *IN CAMERA* INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, Defendant herein, opposes–in part--the "Plaintiff's Motion to Compel and Motion for *In Camera* Inspection" which was received by its counsel of record on December 16, 2003. In response to this motion, the Defendant submits the following:

### *Procedural Posture of Case*

1. On July 29, 2002, Plaintiff filed his lawsuit alleging that injuries he received while in the custody of the Defendant resulted from the Defendant's negligent failure to "... use ordinary diligence to keep its prisoners safe and free from harm", and that this negligence "was a proximate cause of serious and permanent injuries suffered by the plaintiff." See Plaintiff's Complaint at para. 6; the Complaint also cites to 18 U.S.C. 4042.

2. The United States filed an answer denying the allegations made against it. On September 5, 2003, the United States filed a motion to dismiss and alternative motion for summary judgment premised upon the discretionary function defense set forth at 28 U.S.C. § 2680(a).

3. In an attempt to overcome the arguments set forth in the United States' motion and supporting brief, Plaintiff filed a motion seeking leave from this Court to amend his complaint. The Defendant filed a response opposing the Plaintiff's motion for leave to amend on the basis that the allegations–even as plead in the proposed amended complaint–failed to overcome the arguments posed by the Defendant in its motion to dismiss and alternative motion for summary judgment.

4. The Plaintiff's motion for leave to amend his complaint, and the Defendant's motion to dismiss and alternative motion for summary judgement are still pending.

*Plaintiff's Motion to Compel and Motion for In Camera Inspection*

5.    At section 1 of his motion, Plaintiff seeks the turning over of documents and information withheld by the Defendant in Plaintiff's first set of production requests. As indicated to Plaintiff's counsel on previous occasions, the Defendant does not oppose producing the documents listed at section 1 (a) through (d) of the Plaintiff's motion to this Court for *in camera* inspection. The records in question will be submitted to this Court under seal contemporaneously with the filing of this response. It should be noted that the following response was provided by the Defendant to the Plaintiff at the time these items were sought:

> *...In addition, be advised that the Defendant has withheld the following documents in their entirety and object to their release for the following reasons (See 5 U.S.C. 552 [b][7] and 5 U.S.C. 552a [j] and [k]):*
>
> - *2/13/03–12:19 p.m. E-mail*
>
>   **The release of this E-mail would reflect one of the means used to obtain information and investigate incidents like that at issue in the complaint. Such internal investigative measures cannot be released to the public as their very release would cause them to lose there effectiveness in future investigations and possibly endanger the health and well being of inmates and staff at the institution.**
>
> - *02/07/01 Memorandum*
>
>   **The release of this memo would reveal one of the means used to obtain information and investigate incidents like that at issue in the complaint. Such internal investigative measures cannot be released to the public as their very release would cause them to lose there effectiveness in future investigations and possibly endanger the health and well being of inmates and staff at the institution.**
>
> - *Nine Separate 04/17/01 Memorandums (each having a one page attachment) Relating to Threat Assessments of Nine Different Inmates (not the Plaintiff)*
>
>   **The release of these memos would reflect one of the means used to obtain information and investigate incidents like that at issue in the complaint. Such internal investigative measures cannot be released to the public as their very release would cause them to lose there effectiveness in future investigations and possibly endanger the health and well being of inmates and staff at the institution.**

- *One page of a Computer Printout titled "Inmate Profile" (not the Plaintiff)*

  **<This item is not sought by the Plaintiff in his motion to compel>**

- *One Page of Hand written Notes titled "Texas Gangs"*

  **The release of this E-mail would reflect one of the means used to obtain information and investigate incidents like that at issue in the complaint. Such internal investigative measures cannot be released to the public as their very release would cause them to lose there effectiveness in future investigations and possibly endanger the health and well being of inmates and staff at the institution.**

6.    Should the Court, upon review of these documents, determine that they should be released in part or in their entirety, the Defendant will do so upon receipt of the Court's written order to that effect.

7.    At section 2 of his motion, Plaintiff seeks information pertaining to "similar incidents" defined as "assaults by multiple inmates upon one or more inmates at or around the recreation yard at the Three Rivers facility during the past ten years." Defendant assumes that Plaintiff is referring to interrogatory "5" and request for production number "7" –which are set forth below along with the Defendant's response to same:

> *[Interrogatory No.] 5        Identify all persons whom have made claims, including lawsuits, against the government at the facility which have resulted from similar incidents during the past ten years.*
>
> *ANSWER:*
>
> ***Defendant disputes that this Court even has jurisdiction over this action. As such, providing this information would be unduly burdensome and costly, and the Defendant therefore objects to providing this information. Defendant's Motion to Dismiss, if not filed by the time Plaintiff's counsel receives this response, will be filed within five days of his receipt of same.***
>
> *[Request for Production No.] 7        Documentation of similar incidents.*
>
> *RESPONSE:*
>
> ***The United States objects to the production of the materials sought in this request. The United States will be filing a motion to dismiss this case for failure to state a claim upon which relief can be granted. The defendant should not be required to go through the burden and expense***

*associated with gathering these materials until such time as the Court may rule on its motion to dismiss.*

8.  Even though this is the first time Plaintiff has defined what he means by "similar incidents", the United States still objects to the production or discovery of such information. Presently on file with the Court is the Defendant's motion to dismiss. In this dismissal motion, the Defendant challenges this Court's jurisdiction to even proceed with this case. In order to respond to such a request, the Defendant would have to take on the burden and expense associated with the gathering, the copying and the producing of such materials and information. Given the present status of the case, and the strong possibility that its motion to dismiss may be granted, it would be imprudent to require the Defendant to gather such information at this time.

9.  Plaintiff further suggests–at section 2 of his motion--that he needs the information to show that, *inter alia*, the Defendant "was aware of the risk". However, even if the information sought showed that the Defendant knew that there was a risk of harm to one or more of its inmates at or around the recreation yard from assaults by multiple inmates, this information would not be enough to defeat the Defendant's discretionary function defense argument set forth in its motion to dismiss and alternative motion for summary judgment.

10. At section 3 of his motion, Plaintiff seeks copies of still photos that were obtained for the purposes of criminal prosecution of those involved in the assault of the plaintiff. These still photos were obtained from videotapes of the incident by the Federal Bureau of Investigation (FBI)–the agency assigned to investigate

Plaintiff sought this type of video tape. The Defendant objects to this request. As Plaintiff acknowledges, the Defendant did produce the video taken of the incident; the video produced to the Plaintiff is the same video the Defendant currently has in its possession. The Defendant presently has pending with the Court a motion to dismiss this lawsuit on jurisdictional grounds. The Defendant should not be forced to incur the additional expense associated with such a request. The original video is (and has been) available to Plaintiff's counsel, and if he desires to obtain still photos or hire someone to isolate the footage he wants, he is free to do so at his own expense. Further, in the event that Defendant loses its motion to dismiss, and the Defendant decides it needs to obtain an "isolated video" in preparation of its defense in this case, the Defendant objects to the discovery of this "isolated video" on the ground that it would constitute attorney work product.

WHEREFORE, PREMISES CONSIDERED, the United States prays that this Court deny the Plaintiff's motion to compel.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

NANCY L. MASSO
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, TX 78520
Tel:    (956) 548-2554
Fax:    (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing "Defendant's Response to Plaintiff's Motion to Compel and Motion for In Camera Inspection" was mailed on this the 5th day of January, 2004 via Certified Mail, Return Receipt Requested to Barry R. Benton, Attorney at Law, 284 Ebony Avenue, Brownsville, TX 78520.

NANCY L. MASSO
Assistant United States Attorney