United States Court of Appeals
Fifth Circuit
**F I L E D**
December 20, 2005
Charles R. Fulbruge III
Clerk

United States District Court
Southern District of Texas
FILED
FEB 2 1 2006
Michael N. Milby
Clerk of Court

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-41672

---

LUIS ALEJANDRO GARZA,

                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                        Defendant- Appellee.

---

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 102-CV-00154)

---

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

REAVLEY, Circuit Judge:[*]

    Federal prisoner Luis Alejandro Garza appeals the district court's dismissal of his action brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA") for injuries sustained during a clash between rival gangs in a penitentiary recreation yard.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garza alleged that the assault on him resulted from the guard's failure to patrol the yard and disperse congregated inmates during the open recreation period as required by her post orders. The district court dismissed for lack of subject matter jurisdiction, holding that the discretionary function exception to the FTCA, found in 28 U.S.C. § 2680(a), shielded the Government from liability. Reviewing the record de novo,[1] we reverse and remand, for the following reasons:

1. The Supreme Court has set forth a two-part test to determine whether the discretionary function exception applies, thereby barring the claim. See Berkovitz v. United States, 486 U.S. 531, 536-37, 108 S.Ct. 1954, 1958-59 (1988). For the exception to apply, the first prong requires that the challenged governmental action be the product of "judgment or choice." United States v. Gaubert, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273 (1991). Under this prong, we determine whether a statute, regulation, or policy mandates a specific course of action. Id. If such a mandate exists, the discretionary function exception does not apply and the claim may move forward. When no mandate exists, however, the governmental action is considered discretionary and the first prong is satisfied.

   The second prong requires that the judgment or choice be based on "considerations of public policy." Id. at 323, 111 S.Ct. at 1274 (quoting

---

[1] Buchanan v. United States, 915 F.2d 969, 970 (5th Cir. 1990).

Berkovitz, 486 U.S. at 537, 108 S.Ct. at 1959). Under this prong, we determine whether the judgment is "grounded in social, economic, or political policy." Gaubert, 499 U.S. at 323, 111 S.Ct. at 1273 (quoting United States v. Varig Airlines, 467 U.S. 797, 813, 104 S.Ct. 2755, 2765). If the judgment of the governmental official is based on any of these policy considerations, then the discretionary function exemption applies and the claim is barred.

2. There are two sets of governmental conduct challenged in this case. Garza generally alleges that the Government was obligated to keep him safe and free from harm while he remained incarcerated pursuant to 18 U.S.C. § 4042 and the Eighth Amendment to the United States Constitution and that the Government breached this duty by failing to protect him from assault. We join our sister circuits in recognizing that neither section 4042's mandate to protect prisoners nor the Eighth Amendment's prohibition against cruel and unusual punishment define a non-discretionary course of action specific enough to render the discretionary function exception inapplicable. See Montez v. United States, 359 F.3d 392, 396 (6th Cir. 2004); Cohen v. United States, 151 F.3d 1338, 1342-43 (11th Cir. 1998); Calderon v. United States, 123 F.3d 947, 950 (7th Cir. 1997). Thus, because the Bureau of Prisons retains sufficient discretion in the means it

may use to fulfill any duties imposed under these federal laws, the exception is triggered and this claim was properly dismissed.

3. Garza levels more specific claims against the conduct of the guard on duty, Deborah Romero, alleging that her failure to follow the Post Orders pertaining to patrolling, supervising, and prohibiting large groups of inmates to gather was a proximate cause of his injuries. The question, therefore, is whether the Post Orders specifically prescribe a course of action that Romero was bound to follow.

Two instructions contained in the Post Orders are specifically at issue here:

> During closed movement, you will patrol the recreation yard. You will monitor and inspect all security devices and be alert for any physical security concerns or weakness. Report all discrepancies and signs of abnormal inmate activities immediately to the operations lieutenant and/or the special investigation supervisor.
>
> * * *
>
> As the Recreation Patrol Officer you are responsible for the supervision of inmates on the compound. Inmates should not be allowed to gather in large groups.

The Post Orders also include the following language at the end of the detailed morning and evening shift instructions:

> NOTE: These post orders are issued as a guideline for the officers assigned to this post, and are not intended to describe in detail all of the officers [sic] responsibilities.

> Good judgement [sic] and initiative are expected in all situations.

4. With respect to the Post Order instruction to patrol the recreation yard, we find that the instruction prescribes a set course of action for the post guard on duty to follow to maintain order and safety during her shift. The instruction is straightforward and unambiguous. During the closed movement period (when inmates are restricted from moving about the institution), the post guard "will patrol the recreational yard." The only period the guard may refrain from this action is during the brief open movement period (when inmates are allowed movement about the institution, including entering and leaving the recreation yard), during which other duties are prescribed. Romero had no discretion to avoid patrolling the recreation yard during closed movement. To do so would violate a specific directive of the penitentiary. Thus, the failure to adhere to this provision is not protected by the discretionary function exception.

This conclusion is not in conflict with our holding in Buchanan v. United States, 915 F.2d 969 (5th Cir. 1990). In Buchanan, we held that the discretionary function exception shielded prison officials' minute-to-minute decision making during a riot because such a situation clearly called for discretionary action that should not later be second-guessed by the courts. Id. at 972. We did not believe that Congress meant for judges, through hindsight, to second-guess the difficult decisions made by prison staff in the chaotic

circumstances of a prisoner uprising. Id. In this case, Garza's complaints do not rise from spontaneous decisions made during the emergent circumstances of the gang assault but from Romero's pre-assault deviation from a policy-making decision that had already been made and set forth in the Post Orders. That policy-making decision established a non-discretionary duty to patrol and supervise the rec yard.

5. We do not find that the "Note" appended to the Post Orders infuses the "will patrol" instruction with the element of discretion necessary to invoke the discretionary function exception. The Post Orders are quite specific, providing an hour-by-hour and, in some cases, minute-by-minute "to do" list covering the post guard's shift. There are numerous specific and unambiguous directives in addition to the "will patrol" instruction. We interpret the Note's admonition to use good judgment and initiative in following the Post Orders as enlarging the guards' responsibility to do more than just check off the list when more may be required to achieve the penitentiary's overall objectives of safety and order. When the Government sets forth extraordinarily detailed instructions (which it presumably expects employees to follow to the letter) that would otherwise clearly fall outside of the discretionary function exception, it should not be allowed to sweep these directives back under the shield by inserting a general "disclaimer." Permitting this kind of immunization clearly sidesteps

the remedial objective of the FTCA by allowing the exception to swallow the rule.

6. With respect to the Post Order instruction that inmates "should not be allowed to gather in large groups," we find that the permissive wording and lack of specific directive as to what constitutes a large group permits discretionary choice sufficient to satisfy the first prong of the <u>Berkovitz</u>-<u>Gaubert</u> test. While Garza claims that the guards normally broke up groups of five or more inmates, this alleged "custom" does not negate the guard's prerogative to decide whether fewer or more inmates may constitute a "large group" in a given circumstance.

While the anti-congregating instruction permitted the post guard discretion, this directive must still satisfy the second prong inquiry to be afforded protection under the discretionary function exception. We conclude that it does. The intent of the second-prong is clear: to prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort when courts would otherwise defer to such policy-making. <u>Gaubert</u>, 499 U.S. at 323, 111 S.Ct. at 1273. The case-by-case decision to permit inmates to congregate or not depends on the balance of public and prisoner safety with the need to permit prisoner interaction and socialization in the furtherance of fair

treatment and rehabilitation. We are satisfied that this discretionary decision-making involves the weighing of competing policy considerations that the discretionary function exception protects from judicial scrutiny. <u>Baldassaro v. United States</u>, 64 F.3d 206, 211 (5th Cir. 1995).

We note that our conclusion as to the anti-congregating directive does not relieve the Government of all potential responsibility with respect to permitting a large group of inmates to get out of control. To the extent that Garza is able to prove his allegations that Romero failed to patrol the yard as required, her failure to even notice the group, rather than her alleged failure to properly assess its size and potential danger, is the issue. That failure, along with the failure to immediately report any "abnormal inmate activities," is actionable under the "will patrol" directive, which we have concluded falls outside of the discretionary function exception.

7. Garza also asserts that the district court improperly found that Romero had not failed to patrol the recreational yard as required. We agree. The district court granted the Government's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) but denied the Government's alternative Rule 12(b)(6) and summary judgment motions. The only issue raised in the three alternative motions was whether the discretionary function exception applied.

While the court was not limited to the complaints in making a 12(b)(1) jurisdictional determination as to the discretionary function exception and was free to review factual evidence,[2] a finding on whether or not Romero patrolled the yard was not necessary to make this determination. The Government did not make a proper Rule 56 motion and the attempted summary judgment motion it did make was denied. Garza has not yet proved his factual allegations, but he is not required to do so on a motion to dismiss. To the extent that the district court's analysis of the evidence constitutes a factual finding on whether or not Romero patrolled the yard, it was improper at this stage.

8. We agree with the district court's dismissal of Garza's claims that the Government breached the duty to keep him safe and free from harm while he remained incarcerated pursuant to 18 U.S.C. § 4042 and the Eighth Amendment to the United States Constitution by failing to protect him from assault. We also agree with the district court's determination that the anti-congregating directive falls within the discretionary function exception and therefore affirm the dismissal of any claim based solely on the failure to properly assess and break up the inmate group. Because the "will patrol"

---

[2] MDPhysicians & Assocs., Inc. v. State Bd. of Ins., 957 F.2d 178, 180-81 (5th Cir. 1992).

instruction prescribes a set course of action for the post guard, the discretionary function exception does not bar a cause of action based on Garza's allegation that Romero failed to patrol the recreational yard and that such failure was a proximate cause of his injuries. Accordingly, we reverse the district court's dismissal and remand to the district court for full factual determination on the merits.

REVERSED AND REMANDED.