IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 22 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| LUIS ALEJANDRO GARZA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-154 |
| | § | FEDERAL TORT CLAIMS ACT |
| THE UNITED STATES OF AMERICA | § § § | |

## PLAINTIFF'S FIRST AMENDED MOTION TO COMPEL DISCOVERY AND MOTION FOR *IN CAMERA* INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LUIS ALEJANDRO GARZA, Plaintiff in the above-entitled and numbered cause, and files this his first amended motion to compel and motion for *in camera* inspection and in support thereof would respectfully show as follows:

**1.**

Plaintiff propounded interrogatories and requests for production to Defendant United States of America. Defendant objected to some of Plaintiff's discovery requests and identified certain documents it was withholding based upon privilege. Plaintiff asks the court to order the government to produce the items it is withholding and conduct an in camera inspection to determine whether such documents should be produced, in whole, or in part. Those documents have been identified as:

a) An email dated February 13, 2003;

b)   A memorandum dated February 7, 2001;

c)   Nine separate memoranda dated April 17, 2001; and

d)   One hand written note entitled "Texas gangs".

**2.**

Plaintiff also made discovery requests pertaining to "similar incidents" defined as "assaults by multiple inmates upon one or more inmates at or around the recreation yard at the Three Rivers facility during the past ten years." This information is calculated to lead to admissible evidence in that it could show that Defendant was aware of the risk involved, identify employees reprimanded for failing to follow rules regarding inmates gathering into large groups in the recreational yard and may disclose memoranda which may address the best way to deal with the problem of violence by large groups in the recreation yard.

**3.**

In addition, Plaintiff asked the government to produce all relevant photographs and videotapes. Records produced by the government indicate that in the prosecution of the assailants of this assault that numerous still photos were obtained from videotapes and used in that prosecution. The government has failed to produce these photographs or account for their existence. In addition, the government has produced a scanning video which rotates from camera to camera (approximately 14 cameras) throughout the Three Rivers facility. Plaintiff needs the government to

produce the videotape from the camera or cameras capturing the specific area where Plaintiff was assaulted as well as the basketball and handball courts were the forty-sum inmates gathered prior to their raid upon the victims. The government has the means to isolate these cameras and provide a videotape of just those cameras but has failed to do so. This information would be critical as it would clearly show that these inmates had been gathering at the handball and basketball courts for quite a long time without being separated per specific post orders which ultimately led to Plaintiff being severely beaten.

**4.**

In addition, Plaintiff in interrogatory number 1 of his first set of interrogatories inquired as to standards in supervising inmates in the recreational yard, including the number of guards, location of guards, the gathering of inmates into large groups, and the procedures once an incident starts. The government has refused to answer based on its previous jurisdictional challenge, which has since been overruled by the Court of Appeals, and the confidential nature of such security information. Plaintiff needs this information to evaluate the reasonableness of the government's actions on the occasion in question.

**5.**

In addition, in interrogatory no. 3 in Plaintiff's first set of interrogatories, he inquired as to what could have been done different by the government to avoid the

incident or the injuries suffered by Plaintiff. The government has objected to this question as being argumentative, vague, and overly broad. Plaintiff would like the government to answer this question as it would go to its veracity and candor to the court in the evaluation of the reasonableness of its actions immediately before and at the time of the incident in question. In addition, in the unlikely event the government should admit that it failed to do anything that could have avoided this incident, such an admission could be used against the government at trial.

**6.**

In addition, in interrogatory no. 5, Plaintiff inquired of prior claims or lawsuits involving similar incidents during the past ten (10) years. The government refused to answer based upon its objection to jurisdiction and that the information would be unduly burdensome and costly to produce. Plaintiff asks the court to require the government to show why producing such information would be unduly burdensome and costly. Plaintiff submits that, if there has been similar incidents, then he may find admissible evidence by contacting other plaintiffs and their lawyers regarding their investigation in their cases as well as documents produced and testimony given by government employees which may be useful in prosecution of Plaintiff's lawsuit. Furthermore, if there are prior incidents, which resulted in similar claims or lawsuits, those facts may demonstrate the extent of the government's knowledge of the risks and problems involved in Plaintiff's incident prior to Plaintiff's incident and therefore

reflect on the government's negligence or even gross negligence in preventing the incident in which Plaintiff was so severely injured.

**7.**

In addition, in interrogatory no. 6, Plaintiff has asked the government whether it claims that Plaintiff was in any way at fault at causing his own injuries and the government refused to answer based upon its jurisdictional motion to dismiss. Plaintiff has a right to know how he was contributorily negligent.

**8.**

In addition, in interrogatory no. 9, Plaintiff has asked the government to provide its legal basis for its affirmative defense that Plaintiff's injuries and damages were caused by third parties and should be reduced or barred. The government objected to this interrogatory, again, based upon its now overruled motion to dismiss based upon jurisdiction.

**9.**

In addition, in interrogatory no. 10, Plaintiff inquired as to the government's affirmative defense of superseding or intervening cause as legally barring Plaintiff's recovery against the government. Again, the government objected and refused to answer the question based upon its motion to dismiss, which has since been overruled.

**10.**

In addition, in request for production no. 7, Plaintiff has asked for documentation regarding similar incidents and the government objected based on its motion to dismiss. Plaintiff needs this information as explained in the companion interrogatory.

**11.**

WHEREFORE, Plaintiff prays that after notice and hearing that Defendant be compelled to produced the items described herein and that the Court, after reviewing same, order Defendant to produce the discovery requested.

Respectfully submitted,

*/s/ Barry R. Benton*
Barry R. Benton
284 Ebony Avenue
Brownsville, Texas 78520
Telephone : 956-546-9900
Facsimile : 956-546-9997
State Bar No. 02176500
Federal I.D. No. 3968

**ATTORNEY IN CHARGE FOR
PLAINTIFF, LUIS ALEJANDRO GARZA**

## CERTIFICATE OF CONFERENCE

I CERTIFY that an attempt has been made to resolve the matters described in the foregoing motion without the necessity of Court intervention and same has failed.

_____
BARRY R. BENTON

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and foregoing **Plaintiff's First Amended Motion to Compel and Motion for *In Camera* Inspection** has been hand-delivered to attorney of record, to wit:

*Via Hand Delivery*
Ms. Nancy L. Masso
Assistant United States Attorney
600 E. Harrison Street, #201
Brownsville, Texas 78520

on this 22 day of May, 2006.

_____
BARRY R. BENTON