IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS ALEJANDRO GARZA, | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. B-02-154 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
|     Defendant. | * | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST AMENDED MOTION TO COMPEL DISCOVERY AND MOTION FOR *IN CAMERA* INSPECTION (No. 52)**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, Defendant herein, submits the following response to "Plaintiff's First Amended Motion to Compel Discovery and Motion for *In Camera* Inspection."[1]

1.

In this section, Plaintiff seeks the turning over of documents and information withheld by the Defendant in Plaintiff's first set of production requests. As indicated to Plaintiff's counsel on previous occasions, the Defendant does not oppose producing the documents listed at section 1 (a) through (d) of the Plaintiff's motion to this Court for *in camera* inspection. The records in question were submitted to this Court on January 5, 2004 (No. 31) for the purpose of allowing an *in camera* inspection of same. Should the Court, upon review of these documents, determine that they should be released in part or in their entirety, the Defendant will do so upon receipt of the Court's written order to that

---

[1] Plaintiff filed his first "Motion to Compel" on December 16, 2003 (No. 28). That motion closely mirrors his "First Amended Motion to Compel Discovery and Motion for In Camera Inspection" at issue in this response. Accordingly, the Defendant incorporates by reference herein its response (No. 32) to Plaintiff's earlier motion to compel.

effect.

2.

In this section, Plaintiff seeks information pertaining to "similar incidents" defined as "assaults by multiple inmates upon one or more inmates at or around the recreation yard at the Three Rivers facility during the past ten years." Defendant assumes that Plaintiff is referring to interrogatory "5" and request for production number "7" –which are set forth below along with the Defendant's response to same:

> *[Interrogatory No.] 5 Identify all persons whom have made claims, including lawsuits, against the government at the facility which have resulted from similar incidents during the past ten years.*
>
> *ANSWER:*
>
> **Defendant disputes that this Court even has jurisdiction over this action.  As such, providing this information would be unduly burdensome and costly, and the Defendant therefore objects to providing this information.  Defendant's Motion to Dismiss, if not filed by the time Plaintiff's counsel receives this response, will be filed within five days of his receipt of same.**
>
> *[Request for Production No.] 7    Documentation of similar incidents.*
>
> *RESPONSE:*
>
> **The United States objects to the production of the materials sought in this request.  The United States will be filing a motion to dismiss this case for failure to state a claim upon which relief can be granted.  The defendant should not be required to go through the burden and expense associated with gathering these materials until such time as the Court may rule on its motion to dismiss**.

Plaintiff seeks this information because he believes that it would lead to "admissable [sic] evidence in that it could show that Defendant was aware of the risk involved, identify employees reprimand for failing to follow the rules regarding inmates

gathering into large groups in the recreational yard and may disclose memoranda which may address the best way to deal with the problem of violence by large groups in the recreation yard."

In re-urging his Motion to Compel, Plaintiff overlooks that the Fifth Circuit's decision remanding the case was limited. The Fifth Circuit concluded that "the Post Order instruction that inmates 'should not be allowed to gather in large groups'...." and a guard's decision as to what number of inmates constituted a large group fell within the discretionary function exception of the Federal Tort Claims Act. The only issue that the Fifth Circuit determined needed to be resolved was whether Bureau of Prisons Guard Romero (Romero) "failed to patrol the yard." *(See, Judgment of the United States Court of Appeals at pp 7-8-No. 48)*. Prisons, by their nature, are violent places. The interrogatory as posed is very broad and overreaching, especially in light of the Fifth Circuit's conclusion that the only issue that need be resolved is whether Romero "failed to patrol."

3.

At section 3 of his motion, Plaintiff seeks copies of still photos that were obtained for the purposes of criminal prosecution of those involved in the assault of the plaintiff. These still photos were obtained from videotapes of the incident by the Federal Bureau of Investigation (FBI)–the agency assigned to investigate the incident. When Plaintiff initially made his request for these photographs, the undersigned contacted officials with the FBI and was advised that these still photographs could not be located. FBI officials contacted the prosecutor that handled the criminal cases related to this incident and the prosecutor indicated that he no longer had the

photographs. It is speculated that these photographs were destroyed as part of the normal course of business that follows the completion/closing of a case file in the United States Attorney's Office. This information was verbally communicated to Plaintiff's counsel and was reiterated by Defendant in its response to Plaintiff's initial Motion to Compel. Also at section 3 of his motion, Plaintiff asserts that the Defendant should isolate the videotape from the camera(s) depicting the incident at issue. This is the first time Plaintiff sought this type of video tape. The Defendant objects to this request. As Plaintiff acknowledges, the Defendant did produce the video taken of the incident; the video produced to the Plaintiff is the same video the Defendant currently has in its possession. The original video is (and has been) available to Plaintiff's counsel, and if he desires to obtain still photos or hire someone to isolate the footage he wants, he is free to do so at his own expense. Defendant should not be forced to prepare his case for him and incur the costs of same.

Further, should the Defendant decide that it needs to obtain an "isolated video" in preparation of its defense in this case, the Defendant objects to the discovery of this "isolated video" on the ground that it would constitute attorney work product.

4.

In this section, Plaintiff takes issue with the Defendant's response to Plaintiff's Interrogatory Number 1. As Plaintiff indicates, he sought information regarding the "standards in supervising inmates in the recreation yard, including the number of guards, location of guards, the gathering of inmates into large groups, and the procedures once an incident starts."

In response to this request, Defendant cited Plaintiff to an exhibit that the

Defendant attached in response to Plaintiff's Requests for Production of Documents. See, Defendant's Exhibit "A" attached hereto. In addition, however, the Defendant objected to responding to this interrogatory on the basis that it unduly sought out information that could have a negative impact by imparting confidential security information that would adversely affect prison operations and/or investigative techniques.

Furthermore, as stated earlier, Plaintiff overlooks that the Fifth Circuit's decision remanding the case was limited. The Fifth Circuit concluded that "the Post Order instruction that inmates 'should not be allowed to gather in large groups'...." and a guard's decision as to what number of inmates constituted a large group fell within the discretionary function exception of the Federal Tort Claims Act. The only issue that the Fifth Circuit determined needed to be resolved was whether Bureau of Prisons Guard Romero (Romero) "failed to patrol the yard." *(See, Judgment of the United States Court of Appeals at pp 7-8-No. 48)*. Prisons, by their nature, are violent places. The interrogatory as posed is very broad and overreaching, especially in light of the Fifth Circuit's conclusion that the only issue that need be resolved is whether Romero "failed to patrol."

5.

In this section, Plaintiff urges this Court to require that the Defendant answer what it believes to be an argumentative and vague interrogatory that asks the Defendant "how the incident could have been avoided or the injuries suffered by Plaintiff could have been reduced." *See Plaintiff's Exhibit 1, Interrogatory No. 3 (No. 54)*. Discovery is supposed to lead to the disclosure of facts-not speculation. Asking

the Defendant to speculate on such matters is argumentative and unreasonable.

6.

In this section, Plaintiff seeks information relating to "prior claims, including lawsuits, against the government at the facility which have resulted in similar incidents during the past ten years." *See Plaintiff's Exhibit 1, Interrogatory No. 5 (No. 54).* The Defendant originally withheld this information on the ground that it had a motion pending with the Court. Defendant is amenable to discuss with Plaintiff's counsel obtaining the information sought by the Plaintiff.

7.

In this section Plaintiff seeks a response to his interrogatory that asks "[i]f Defendant believes that Plaintiff in any way caused his own injury, please explain how." *See Plaintiff's Exhibit 1, Interrogatory No. 6 (No. 54).* Defendant, in response, declined to respond in part because of the pending jurisdictional motion. Defendant also declined to answer reserving its response until such time as its discovery of Plaintiff was complete. Defendant's discovery of Plaintiff is still not complete at this time.

8.

In this section, Plaintiff seeks a response to his interrogatory that asks the Defendant to "...state the legal and factual basis for the Defendant's first affirmative defense that Plaintiff's injuries and damages were caused by a third party and therefore Plaintiff's claims against Defendant should be reduced or barred." *See Plaintiff's Exhibit 1, Interrogatory No. 9 (No. 54).* Defendant, in response, declined to respond in part because of the pending jurisdictional motion. Defendant also declined to answer reserving its response until such time as its discovery of Plaintiff was complete.

Defendant's discovery of Plaintiff is still not complete at this time. Plaintiff, however, was assaulted by persons who were not government employees; certainly those persons should bear some of the responsibility for the injuries Plaintiff sustained.

9.

In this section, Plaintiff seeks a response to his interrogatory that asks the Defendant to "...state the legal and factual bases for the Defendant's second affirmative defense that a superseding and/or intervening cause can legally bar Plaintiff's recovery against the United States." *See Plaintiff's Exhibit 1, Interrogatory No. 10 (No. 54).* Defendant, in response, declined to respond in part because of the pending jurisdictional motion. Defendant also declined to answer reserving its response until such time as its discovery of Plaintiff was complete. Defendant's discovery of Plaintiff is still not complete at this time.

10.

In this section, Plaintiff seeks documentation relating to his request for information pertaining to similar incidents. *See Plaintiff's Exhibit 2, Production Request No. 7 (No. 54).* Defendant, in response, respectfully refers this Court to its argument at paragraph 2, *infra*, relating to Plaintiff's request regarding "similar incidents.

\

\

\

\

\

\

WHEREFORE, PREMISES CONSIDERED, the United States prays that this Court deny the Plaintiff's motion to compel.

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
United States Attorney

**/s/ Nancy L. Masso**
NANCY L. MASSO
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, TX 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the true and foregoing "Defendant's Response to Plaintiff's First Amended Motion to Compel and Motion for In Camera Inspection" was mailed on this the 12th day of June, 2006 via Certified Mail, Return Receipt Requested to Barry R. Benton, Attorney at Law, 284 Ebony Avenue, Brownsville, TX 78520.

**/s/Nancy L. Masso**
NANCY L. MASSO
Assistant United States Attorney