United States District Court
Southern District of Texas
ENTERED

JUN 1 4 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS ALEJANDRO GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. B-02-154 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on June __12__, 2006, the Court **DENIED** Plaintiff's First Amended Motion to Compel Discovery and Motion for *In Camera* Inspection [Dkt. No. 52] and Plaintiff's First Supplemental Motion to Compel Discovery and Motion for *In Camera* Inspection [Dkt. No. 54].

## Factual and Procedural Background

On July 26, 2002, Plaintiff filed suit in this Court under the Federal Torts Claims Act, 28 U.S.C. § 2671("FTCA"), for injuries sustained in the prison yard while a prisoner [Dkt. No. 1]. Plaintiff alleged that the negligence of the Bureau of Prison employees proximately caused the injuries he sustained when he was attacked and beaten by several other prisoners [Dkt. No. 1]. The government filed its Motion to Dismiss, or in the alternative, for Summary Judgment [Dkt. No. 18]. On December 16, 2003, Plaintiff filed his initial Motion to Compel [Dkt. No. 28] and the government responded [Dkt. No. 32]. On September 28, 2004, this Court declined to adopt the Magistrate Judge's Report and Recommendation and dismissed the Plaintiff's complaint as within the discretionary function exception of the FTCA [Dkt. No. 39]. Plaintiff appealed the Court's ruling following the dismissal.

On February 21, 2006, the Fifth Circuit reversed the dismissal and remanded for

full factual determination on the merits any claim based on the failure of the guard to follow the "will patrol" instruction in the Post Orders.  The Fifth Circuit reversed the dismissal because "the discretionary function exception does not bar a cause of action based on Garza's allegation that Romero [the patrol guard] failed to patrol the recreational yard" [Dkt. No. 48].  Following remand, Plaintiff amended and reurged the motion to compel [Dkt. No. 52, 54] and the government responded [Dkt. No. 55].

Based on the limited nature of the Fifth Circuit's remand, the Court **DENIES** the portions of the motion to compel concerning Interrogatory Nos. 1 and 5 and Request for Production No. 7 because they are not relevant to the claims based on an alleged failure to comply with the patrolling instruction.  The Court **DENIES** the portion of the motion to compel concerning Interrogatory No. 3 due to the speculative nature of any potential response.  Finally, the Court **DENIES** the portions of the motion to compel concerning Interrogatory Nos. 6, 9, and 10 to permit the government to reserve responses until the completion of discovery as requested.  Therefore, the Court **DENIES** Plaintiff's First Amended Motion to Compel Discovery and Motion for *In Camera* Inspection [Dkt. No. 52] and Plaintiff's First Supplemental Motion to Compel Discovery and Motion for *In Camera* Inspection [Dkt. No. 54].

DONE this ___day of June, 2006 at Brownsville, Texas.

Hilda G. Tagle
United States District Judge