IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

JUL 19 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| LUIS ALEJANDRO GARZA | § § | |
| VS. | § § | CIVIL ACTION NO. B-02-154 |
| | § | FEDERAL TORT CLAIMS ACT |
| THE UNITED STATES OF AMERICA | § § § | |

**PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
AND MOTION FOR *IN-CAMERA* INSPECTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LUIS ALEJANDRO GARZA, Plaintiff in the above-entitled and numbered cause, and files this his second motion to compel and motion for *in-camera* inspection and in support thereof would respectfully show as follows:

1.

Although the court denied Plaintiff's first motion to compel discovery and motion for *in-camera* inspection, the court specifically did not rule on Plaintiff's request that the court inspect four different documents the government is withholding under the claim of privilege to determine whether they are indeed privileged and not subject to discovery by Plaintiff. Plaintiff requests that the court review the documents in-camera.

**2.**

Plaintiff in his first set of requests for production to the government, specifically number 10, requested "All videotapes or photographs related to the incident, including the pictures of the scene where the incident occurred or injuries suffered by plaintiff or other inmates as a result of the incident." Attached hereto as **Exhibit 1**, and incorporated herein for all purposes, is a true and correct copy of Luis Alejandro Garza's requests for production to the United States of America.

**3.**

Based on information and belief there are video cameras around the recreation yard where the assault took place which should have captured whether officer Romero indeed patrolled the yard in the hour or so before the assault. Attached hereto as **Exhibit 2** is a U. S. Department of Justice document specifically stating that a videotape of the incident clearly revealed an inmate, Garcia-Becerra and several other inmates assaulting inmate Castro-Olivarez by striking him with their fists and kicking him. The government has produced a compact disc which depicts small bits of footage from approximately 10 cameras at the Three Rivers facility in rapidly rotating order so as to be indecipherable. The government, through its counsel, has indicated that the video footage of the area in question existed but has either been lost or destroyed. This is very critical information, i.e., videotape of the area in question within the hour or so before the assault. Plaintiff requests

that the court require the government to explain why it does not have this video footage, explain who had it, and why its not available today. The government has had notice of plaintiff's claim since at least August 1, 2001.

**4.**

On May 17, 2006, Plaintiff had hand-delivered to the government's counsel Plaintiff's second set of interrogatories and requests for production, copies of which are attached hereto as **Exhibits 3 and 4,** respectively. In interrogatory number 1, plaintiff asked for the whereabouts of witnesses identified in documents produced by the government. The government has produced documents reflecting the whereabouts of most but not all of the inmates, specifically inmates who are still under the government's control on supervised release. Attached hereto as **Exhibit 5** is the email between counsel again requesting this information.

**5.**

In interrogatory number 2, Plaintiff inquired as to the whereabouts and employment status of four Three River facilities employees working at the time and place of the incident. The government has not answered any of this discovery.

**6.**

In interrogatory number 3, plaintiff asked the government to identify all persons charged with criminal offenses as a result of the incident in question, the litigation information and the Defendants' present whereabouts. These individuals

would have information regarding whether guard Romero was walking the recreation yard before they attacked Plaintiff and others. Similarly, plaintiff's sole request for production requests the contents of the Assistant U. S. Attorney's file who prosecuted these defendants. This information has not been produced or objections made. The prosecution's file probably contains statements and photographs which are likely to shed light on the seminal issues in this case.

**7.**

WHEREFORE, Plaintiff prays that after notice and hearing that Defendant be compelled to answer the questions and produce the items described herein, and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

_____
Barry R. Benton
284 Ebony Avenue
Brownsville, Texas 78520
Telephone : 956-546-9900
Facsimile  : 956-546-9997
State Bar No. 02176500
Federal I.D. No. 3968

**ATTORNEY FOR PLAINTIFF
LUIS ALEJANDRO GARZA**

## CERTIFICATE OF CONFERENCE

I CERTIFY that an attempt has been made to resolve the matters described in the foregoing motion without the necessity of Court intervention and same has failed.

_____
BARRY R. BENTON

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and foregoing **Plaintiff's Second Motion to Compel and Motion for *In Camera* Inspection** has been hand-delivered to attorney of record, to wit:

*Via Hand Delivery*
Ms. Nancy L. Masso
Assistant United States Attorney
600 E. Harrison Street, #201
Brownsville, Texas 78520

on this 19th day of July, 2006.

_____
BARRY R. BENTON