IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS ALEJANDRO GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. B-02-154 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

### ORDER

BE IT REMEMBERED that on July 21, 2006, the Court **DENIED** Plaintiff's Second Motion to Compel Discovery and Motion for *In Camera* Inspection [Dkt. Nos.60, 61]. On June 13, 2006, the Court denied the motion to compel and motion for *in camera* inspection as well as the amended motion to compel and motion for *in camera* inspection [Dkt. Nos. 52, 54]. Therefore, the Court construes this motion as seeking reconsideration of the Court's previous order.

### Factual and Procedural Background

On July 26, 2002, Plaintiff filed suit in this Court under the Federal Torts Claims Act, 28 U.S.C. § 2671("FTCA"), for injuries sustained in the prison yard while a prisoner [Dkt. No. 1]. Plaintiff alleged that the negligence of the Bureau of Prison employees proximately caused the injuries he sustained when he was attacked and beaten by several other prisoners [Dkt. No. 1]. The government filed its Motion to Dismiss, or in the alternative, for Summary Judgment [Dkt. No. 18]. On December 16, 2003, Plaintiff filed his initial Motion to Compel [Dkt. No. 28] and the government responded [Dkt. No. 32]. On September 28, 2004, this Court declined to adopt the Magistrate Judge's Report and Recommendation and dismissed the Plaintiff's complaint as within the discretionary function exception of the FTCA [Dkt. No. 39]. Plaintiff appealed the

1

Court's ruling following the dismissal.

On February 21, 2006, the Fifth Circuit reversed the dismissal and remanded for full factual determination on the merits any claim based on the failure of the guard to follow the "will patrol" instruction in the Post Orders. The Fifth Circuit reversed the dismissal because "the discretionary function exception does not bar a cause of action based on Garza's allegation that Romero [the patrol guard] failed to patrol the recreational yard" [Dkt. No. 48]. Following remand, Plaintiff amended and reurged the motion to compel [Dkt. No. 52, 54] and the government responded [Dkt. No. 55].

Based on the reasoning in the Court's previous order [Dkt. No. 56], the Court **DENIES** Plaintiff's Second Motion to Compel Discovery and Motion for *In Camera* Inspection [Dkt. Nos.60, 61].

DONE this 21 day of July, 2006 at Brownsville, Texas.

Hilda G. Tagle
United States District Judge