IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LUIS ALEJANDRO GARZA,  Plaintiff, | * * * |
| v. | *   Civil Action No. B-02-154 * |
| UNITED STATES OF AMERICA,  Defendant. | * * |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
RECONSIDERATION OF PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY
AND MOTION FOR IN-CAMERA INSPECTION**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, Defendant herein, responds to "Plaintiff's Motion for Reconsideration of Plaintiff's Second Motion to Compel Discovery and Motion for In-Camera Inspection" as follows:

1.   In "Plaintiff's Second Motion to Compel Discovery and Motion for In-Camera Inspection", Plaintiff raised ten issues pertaining to discovery for resolution by this Court. In this motion seeking reconsideration of its decision pertaining to those ten issues, Plaintiff focuses primarily on the Court's decision pertaining to "Section 3" of his second motion to compel. At Section 3 of his second motion to compel, Plaintiff asserted that the Defendant failed to produce videotape or still photographs relating to the incident at issue in this lawsuit.

2.   Defendant provided the following response to section 3 of "Plaintiff's Second Motion to Compel Discovery and Motion for In-Camera Inspection":

*At section 3 of his motion, Plaintiff seeks copies of still photos that were obtained for the purposes of criminal prosecution of those involved in the assault of the plaintiff. These still photos were obtained from videotapes of the incident by the Federal Bureau of Investigation (FBI)–the agency assigned to investigate the incident. When Plaintiff initially made his request for these photographs, the*

> *undersigned contacted officials with the FBI and was advised that these still photographs could not be located. FBI officials contacted the prosecutor that handled the criminal cases related to this incident and the prosecutor indicated that he no longer had the photographs. It is speculated that these photographs were destroyed as part of the normal course of business that follows the completion/closing of a case file in the United States Attorney's Office. This information was verbally communicated to Plaintiff's counsel and was reiterated by Defendant in its response to Plaintiff's initial Motion to Compel. Also at section 3 of his motion, Plaintiff asserts that the Defendant should isolate the videotape from the camera(s) depicting the incident at issue. This is the first time Plaintiff sought this type of video tape. The Defendant objects to this request. As Plaintiff acknowledges, the Defendant did produce the video taken of the incident; the video produced to the Plaintiff is the same video the Defendant currently has in its possession. The original video is (and has been) available to Plaintiff's counsel, and if he desires to obtain still photos or hire someone to isolate the footage he wants, he is free to do so at his own expense. Defendant should not be forced to prepare his case for him and incur the costs of same.*
>
> *Further, should the Defendant decide that it needs to obtain an "isolated video" in preparation of its defense in this case, the Defendant objects to the discovery of this "isolated video" on the ground that it would constitute attorney work product.*

3.      Defendant would supplement this response by stating that it has made a another request for a search of records in both the United States Attorney's Office and the Federal Bureau of Investigation. Should any additional photgraphs or videotapes be located in relation to this incident, they will be turned over to the Plaintiff in accordance with its obligations under the Federal Rules of Civil Procedure.

4.      At paragraph 4 of his motion to reconsider, Plaintiff asks for the the U.S. Attorney's Office criminal file related to the prosecution of Plaintiff's assailants. A copy of the criminal file was provided to Plaintiff's counsel as a result of his second request for production of documents that was served on the Defendant May 17, 2006. At the time Plaintiff sought the criminal file relating to the prosecution of Plaintiff's assailants, the file had already been closed by the United States Attorney's Office. As part of the United States Attorney's Office procedure in closing the file, all exhibits and witness statements were either destroyed or returned to the investigating agency. No photographs,

videotapes, or witness statements were contained within that file, and as such none were provided as a result of that request[1].

5. However, Defendant urges that Plaintiff has not been denied accessibility to information pertaining to witnesses or the ability to view videotapes relating to the incident at issue. At the outset of this litigation, Defendant provided to Plaintiff investigative records that contained witness statements as well as copies of videotapes that captured the assault of the Plaintiff. Plaintiff has the ability, should he desire, to hire an expert to that can capture still photos from those video images and/or prepare an isolated video depicting certain angles of the assault. Defendant should not be forced to incur the expense of trying to prepare Plaintiff's case for him. Should the Defendant desire to undergo the expense of obtaining still photos from the videos or prepare an isolated video from the videotapes currently available, Defendant would object to producing same to Plaintiff as they should be deemed attorney work product.

\
\
\
\
\
\
\

---

[1] The criminal file also contained pre-sentence investigative reports that were not turned over to opposing counsel. Defendant objected to producing those items on the basis of relevance, Privacy Act (5 U.S.C 552 and 552a), safety and security concerns for assailants and their family members, and the local rules of the Court that said matters are confidential and not subject to disclosure absent court order. Plaintiff, however, does not appear to be seeking the release of these items; however, should this Court desire a more specific response as to these items, Defendant will provide one upon notification.

WHEREFORE, PREMISES CONSIDERED, the United States prays that this Court deny the "Plaintiff's Motion for Reconsideration of Plaintiff's Second Motion to Compel Discovery and Motion for In-Camera Inspection"

>Respectfully submitted,
>
>DONALD J. DeGABRIELLE, JR.
>United States Attorney
>
>**/s/ Nancy L. Masso**
>NANCY L. MASSO
>Assistant U.S. Attorney
>600 E. Harrison, #201
>Brownsville, TX 78520
>Tel:   (956) 548-2554
>Fax:   (956) 548-2549
>Texas State Bar No. 00800490
>Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing "Defendant's Response to Plaintiff's Motion for Reconsideration of Plaintiff's Second Motion to Compel Discovery and Motion for In-Camera Inspection" was mailed on this the 28th day of August, 2006 via Certified Mail, Return Receipt Requested to Barry R. Benton, Attorney at Law, 284 Ebony Avenue, Brownsville, TX 78520.

>**/s/Nancy L. Masso**
>NANCY L. MASSO
>Assistant United States Attorney