IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS ALEJANDRO GARZA | § § | |
| VS. | § § | CIVIL ACTION NO. B-02-154 |
| | | FEDERAL TORT CLAIMS ACT |
| THE UNITED STATES OF AMERICA | § § § | |

**JOINT PRETRIAL ORDER**

TO THE HONORABLE JUDGE OF SAID COURT.

COMES NOW, Plaintiff, LUIS ALEJANDRO GARZA, and Defendant, THE UNITED STATES OF AMERICA, and files this their Joint Pretrial Order.

1. **Appearance of Counsel**

    <u>Plaintiff</u>
    Barry R. Benton
    284 Ebony Avenue
    Brownsville, Texas 78520
    Telephone  : 956-546-9900
    Facsimile   : 956-546-9997

    <u>Defendant</u>
    Ms. Nancy L. Masso
    Assistant United States Attorney
    600 E. Harrison Street, #201
    Brownsville, Texas 78520
    Telephone  : 956-548-2554
    Facsimile   : 956-548-2549

## 2. Statement of the Case

This is a tort case filed under the Federal Tort Claims Act. Plaintiff, while being held in the custody of the United States Bureau of Prisons (BOP) at the FCI at Three Rivers, Texas, was assaulted by several inmates in the prison recreation yard. Plaintiff sustained serious injuries as a result of this assault. Plaintiff claims that the assault upon him occurred because BOP employees working at the recreation yard at the time the incident occurred were negligent in the performance of their duties.

## 3. Jurisdiction

This Court possesses federal question jurisdiction because this suit is brought under the Federal Tort Claims Act. 28 U.S.C. 2671 et seq.

## 4. Motions

Plaintiff has pending the following two motions:

1. Plaintiff's Third Motion to Compel Discovery; and,

2. Plaintiff's Motion for Government to Produce Inmate Witnesses.

## 5. Contentions of the Parties

**Plaintiff's contentions**

Plaintiff contends that there is such little supervision of inmates in the recreation year, where the assault occurred, (between 300 - 1200 inmates by one "recreational specialist") and the propensity that violence will occur in the recreation yard so great, that the lone employee should have been patrolling the recreation yard immediately before, during and after open movement to prevent the large group from gathering, which ultimately assaulted Plaintiff.

**Defendant's contentions**

Defendant contends that Plaintiff was the victim of a planned coordinated attack for which the BOP officials should not be held responsible. BOP employees on duty at the time performed their duties properly and correctly.

Defendant contends that Plaintiff improperly continues to urge issues (i.e. whether the number of personnel assigned to work in the Recreation Yard was the proximate cause for Plaintiff's injuries) that fall within the purview of the discretionary function exception of the Federal Tort Claims Act. Defendant contends that there is only one fact issue to resolve, to wit: whether Bureau of Prisons Guard Romero (Romero) "failed to patrol the yard." *(See, Judgment of the United States Court of Appeals at pp 7-8-No. 48)*.

**6.    Admission of Fact:**

A.    Plaintiff was an inmate at Three Rivers FCI on February 6, 2001 and was severely injured as a result of being assaulted by multiple inmates.

B.    Plaintiff suffered multiple skull fractures as a result of the assault.

C.    Plaintiff was air lifted to a trauma hospital in Corpus Christi where he underwent surgery to release pressure in his skull.

D.    Between 30 to 50 inmates were involved in the assault on Plaintiff.

E.    Recreational specialist, Debra Romero, had specific post orders at the time of the assaults, but the government cannot locate those specific post orders.

F.    There was specific post orders for a correctional officer at the recreation yard during the time in question, but no correctional officer was on duty at the time of the assault.

G.    During the relevant open movement between 6:55 p.m. and 7:05 p.m., Willie Martin was responsible for operating the metal detector at the entrance to the recreation yard.

H.    The recreational yard is a place where violence between inmates is likely to occur.

I.    The plaintiff, Luis Alejandro Garza, Register Number 92434-079, is an inmate

    who is currently serving two concurrent terms of imprisonment, each of 324 months, to be followed by five years of supervised release, for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine.

J.    On February 6, 2001, there was a disturbance at the Recreation Yard at FCI, Three Rivers, in the course of which the plaintiff and three other inmates, Felipe Castro-Ontiveros, 25117-177, Jesus Martinez-Orosco, 71774-079, and Jose Jaime, 89539-079, sustained injuries.

K.    The disturbance involved inmates with rival gang affiliations.

L.    Three assailants--Pedro Garcia-Becerra, 59771-065, Luciano Resendez, 53275-004, and Lauro Fonseca, 11925-045--were ultimately convicted and sentenced for Aiding and Abetting an Aggravated Assault.

M.    The plaintiff's injuries included severe head trauma, a laceration to the forehead, and numerous contusions and abrasions on the upper body.

N.    Plaintiff was first taken to the Beeville Hospital, and from there he was airlifted to Spohn Memorial Hospital in Corpus Christi.

**7.    Contested Issues of Fact:**

A.    Whether the government's failure to preserve the videotapes of the recreational yard during the hour before and during the assault was improper spoilation of evidence? See *Cardosa v. Reliant Energy*, 2005 W.L. 1189649 (Tex. App. Houston [1st Dist.]).

B.    There was one employee responsible for patrolling inside the recreation yard at the time of the assault.

C.    No act or omission by Plaintiff was the cause of his injuries.

D.    The government had an 8 millimeter film and multiple still photographs created by cameras in the recreational yard during the time of the assault and now cannot locate the videotapes or photographs.

E.    During open movement only one employee is needed to screen inmates with the metal detector at the recreation yard entrance.

F. If the government was a proximate cause of Plaintiff's injuries, $500,000.00 is reasonable compensation.

G. Before the assault on Plaintiff, employees of the prison had made repeated requests for more employees at the recreation yard.

H. The disturbance took place at the conclusion of a period called "Open Movement" (a time period at which inmates at the facility can go from one part of the facility to another--i.e. housing area to recreation area).

I. The BOP employees on duty at the Recreation Yard at the time the disturbance took place were: Debra Romero, Willie Martin, and Joe Humme.

J. Whether BOP employee was patrolling the recreation yard in accordance with her duties at the time the assault upon the Plaintiff took place.

K. Whether Plaintiff is entitled to the damages he seeks for personal injuries, pain & suffering, and future damages.

**8. Agreed Propositions of Law:**

A. The government had a duty to keep Plaintiff reasonably safe.

B. Plaintiff is eligible to recover a judgment against the government for up to $500,000.00.

C. If the government's negligence was a proximate cause of Plaintiff's injuries, he is entitled to recover a judgment for his damages.

D. "Negligence" means failure to use ordinary care, that this, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

E. "Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

F. "Proximate cause" means that cause which, in a natural and continuous

sequence, produces an event and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

G. Plaintiff has complied with all requirements pertaining to notice of claim and filing of suit.

**9. Contested Propositions of Law:**

A. If the government improperly failed to preserve the videotape of the recreation yard approximately one hour before and during the assault, what sanction or presumptions should apply?

B. The Defendant, while cognizant that the United States Appellate Court for the Fifth Circuit has held otherwise with regard to one specific fact issue, asserts that the discretionary function defense should also apply to bar recovery on the issue of whether BOP employees were properly performing their duties at the time the assault took place--specifically, whether BOP employee Debra Romero was "patrolling" the recreation yard at the time the assault took place. 28 U.S.C. § 2680(a); see also, *Buchanan v. US,* 915 F.2d 969, 970 (5th Cir. 1990).

**10. Exhibits:**

Attached hereto as Exhibit ___A____ Plaintiff's List of Trial Exhibits.

Attached hereto as Exhibit ___B___ is Defendant's List of Trial Exhibits (which includes a list of Defendant's witnesses).

**11. Witnesses:**

Attached hereto as Exhibit ___C___ is Plaintiff's List of Trial Witnesses.

Defendant's Witness List is included in the attached Exhibit B. Defendant respectfully asks that the trial in this case be scheduled before October 20, 2006. A key witness for the defendant, Debra Romero, will be unavailable after October 20,

2006 for a period of twelve weeks.

**12.   Settlement**:

Settlement is not anticipated.

**13.   Trial:**

Plaintiff anticipates that the trial will last approximately __4__ days.

The Defendant estimates that the trial of this case will last 8 hours.

**14.   Attachments:**

Plaintiff's Exhibit and Witness List

Defendant's Exhibit and Witness List


_____          Date: _____
HILDA G. TAGLE
United States District Judge

Approved:


**_/s/ Barry R. Benton** _____          Date:  September 13, 2006
Barry R. Benton
ATTORNEY IN CHARGE FOR PLAINTIFF


**__/s/ Nancy L. Masso** _____          Date:  September 13, 2006
Ms. Nancy L. Masso
ATTORNEY IN CHARGE FOR DEFENDANT
U.S.A.