

United States District Court
Southern District of Texas
FILED

SEP 1 5 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LUIS ALEJANDRO GARZA          §
                              §
VS.                           §          CIVIL ACTION NO. B-02-154
                              §          FEDERAL TORT CLAIMS ACT
THE UNITED STATES OF          §
AMERICA                       §

---

## PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LUIS ALEJANDRO GARZA, Plaintiff in the above-entitled and numbered cause, and moves this court to compel discovery from the government and in support thereof would respectfully show as follows:

**1.**

On May 17, 2006, Plaintiff's attorney requested of the government's attorney the whereabouts of certain former inmate witnesses whom are now on supervised release. According to the government, a court order is required to obtain the last known address of these inmates on supervised release. Attached hereto as **Exhibit "1"** are copies of correspondence with the government's attorney. Plaintiff merely asks for their last known address to determine the extent of their knowledge

regarding the facts relevant to this case.  To the Plaintiff's knowledge the following witnesses are on supervised release:

1.    Myron Coleman #76988-079

2.    Damione Brock #10471-035

3.    L. D. Richardson #23687-077

4.    James Kevin Hodges #09177-035

5.    Corey Williams #76893-079

6.    Robert Alford #02020-081

7.    Jose Luis Jaime #89539-079

8.    Jesus Martinez-Orosco #71774-079

9.    Felipe Castro-Ontivero #25117-177

10.    Javier Tijerina #76844-079

11.    Jose Luis Guzman-Posos #86842-079

## 2.

Documents created by the government in investigating the relevant assaults reflect that F.B.I. agent Brian W. Ritter arranged to have two videotapes created from the cameras in the recreational yard of the time in question.  Agent Ritter additionally had several still photos created from the video frames. These depictions would include the relevant time leading up to the assaults and the assaults in

progress.   They may indicate whether officer Romero was patrolling the yard as

required.    There were also photographs of Plaintiff soon after he was assaulted.

These photographs are relevant to his damages. Attached hereto as **Exhibit "2"** are

the F.B.I. memoranda dated March 16, 2001, June 22, 2001, February 7, 2001,

February 9, 2001, and a chain of custody log, indicating the existence of these

videotapes, that B. Ritter was the last person to possess an 8 millimeter cam

videotape of the recreation yard and that photographs were taken of Plaintiff.

Plaintiff requests that the government produce these videotapes and photographs

or produce Brian Ritter to explain why they no longer exist.

### 3.

Depositions were taken of four government employees.   The government,

which wanted transcription of the depositions, paid for the stenographer.  Plaintiff,

who is indigent, has asked the government for copies of the transcripts at a

reasonable copying price.  The government will not produce copies of the transcripts

at any price. Attached hereto as    **Exhibit "3"** is a letter to that effect from the

government's attorney.   Plaintiff asks that the court compel the government to

produce copies of the transcripts at a reasonable cost per page.

### 4.

WHEREFORE, Plaintiff prays, after notice and hearing, the court grant the

relief sought in this motion, that Defendant be compelled to answer the questions

and produce the items described herein, and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Barry R. Benton
284 Ebony Avenue
Brownsville, Texas  78520
Telephone  : 956-546-9900
Facsimile  : 956-546-9997
State Bar No. 02176500
Federal I.D. No. 3968

**ATTORNEY FOR PLAINTIFF
LUIS ALEJANDRO GARZA**

## CERTIFICATE OF CONFERENCE

I CERTIFY that an attempt has been made to resolve the matters described in the foregoing motion without the necessity of Court intervention and same has failed.

BARRY R. BENTON

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the above and

foregoing **Plaintiff's Third Motion to Compel Discovery** has been hand-delivered

to attorney of record, to wit:

**_Via Hand Delivery_**
Ms. Nancy L. Masso
Assistant United States Attorney
600 E. Harrison Street, #201
Brownsville, Texas 78520

on this _13th_ day of September, 2006.

BARRY R. BENTON