IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 2 6 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LUIS ALEJANDRO GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. B-02-154 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on September 26, 2006, the Court **GRANTED** Defendant's Unopposed Motion for Continuance of Final Pretrial Conference. Dkt. No. 68.

A continuance of the final pretrial conference constitutes a modification of the Court's scheduling order. Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b) (2006).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992))). Absence of prejudice to the non-moving party is not sufficient to establish good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S.

Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In this case, the Government requests a continuance of the final pretrial conference because of logistical difficulties in securing the presence of Plaintiff and inmate witnesses at trial in October. Dkt. No. 68, at 1–2. Additionally, the Government requests a continuance because a key witness in this matter will be unavailable for trial during the month of October. *Id.* at 2. The Government had previously indicated to the Court that the witness would be unavailable only after October 20, 2006. *Id.* at 1. However, the witness's circumstances involving her unavailability have recently changed, and she will now be unavailable for trial prior to October 20, 2006 until "the first or second week of November." *Id.* at 2.

The Court finds that the parties have acted diligently to secure the presence of Plaintiff and other witnesses at trial in October. The parties' efforts to secure the witnesses were made within a reasonable period before the time for trial. *See id.* at 1–2. However, despite such diligence, logistical difficulties and circumstances beyond the control of the parties will prevent the case from being ready for trial in October. Therefore, the Court determines that good cause has been shown for the requested continuance.

Based on the foregoing, the Court **GRANTS** Defendant's Unopposed Motion for Continuance of Final Pretrial Conference, Dkt. No. 68, and **RESETS** the final pretrial conference in this case for October 31, 2006 at 1:30 p.m.

DONE at Brownsville, Texas, this 26 day of September, 2006.

Hilda G. Tagle
United States District Judge