**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| LUIS ALEJANDRO GARZA,  Plaintiff, | * * * | |
| v. | * * | Civil Action No. B-02-154 |
| UNITED STATES OF AMERICA,  Defendant. | * * | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, Defendant herein, responds to "Plaintiff's Third Motion to Compel Discovery" as follows:

1.

In this section of his motion, Plaintiff indicates that the Defendant requires a court order in order to release the "last known address" of the witnesses that are no longer in Bureau of Prison (BOP) Custody--that is, those that are on supervised release. The Defendant's targeted agency in this action is the BOP. The BOP has provided Plaintiff's counsel with the information in its possession relating to where the witnesses at issue are required to report for their supervised release. The BOP, however, does not have access to records in the care and custody of the United States Probation Office--which is an arm of the Courts. Even though the United States Probation Office is an agency of the United States, the BOP (and the undersigned) cannot demand the release of said information absent a court order. See 5 U.S.C. 552 and 552a.

As such, for the purposes of this litigation the United States does not oppose a Court order directing the various United States Probation Offices to produce the address

information sought by Plaintiff's counsel. However, to ensure the safety and security of the witnesses and their family members, the Defendant respectfully asks that should the Court issue such an order that the order also prohibit Plaintiff's counsel from sharing this information with the Plaintiff, or his associates, without first seeking permission from the Court.

2.

The Defendant has produced all videotapes in its possession to counsel for the Plaintiff. *See Defendant's Exhibit "A".* The still photographs referenced in this section of the Plaintiff's motion cannot be located. *Id.* To the extent that Plaintiff desires the still photographs to show the extent of his injuries, Defendant agrees to stipulate that he sustained serious injuries as a result of the assault at issue.

Plaintiff's demand that the Defendant produce Special Agent Brian Ritter to explain why the photographs no longer exist is harassing in nature and unnecessary. The videotapes have been turned over to the Plaintiff. The still photographs purportedly taken from these videos cannot be located; however, Plaintiff does have a copy of the videos and may, should he choose, have his own still photographs prepared. As far as the photographs taken of the Plaintiff after the assault, as indicated above, Defendant agrees to stipulate that he sustained serious injuries as a result of the assault at issue.

3.

In this section of his motion, Plaintiff demands that the Defendant provide him with copies of the deposition transcripts of four witnesses. As indicated at Plaintiff's Exhibit 3 to his motion, the Defendant declined his request for copies of the deposition transcripts after being given no choice but to retain a court reporter to ensure that transcripts be

prepared. *See Plaintiff's Exhibit 1 at pp. 2-3*. Plaintiff's counsel was advised at the outset that the Defendant would not produce copies of the transcripts after having been forced to hire the services of a court reporter to transcribe the depositions that Plaintiff originally noticed. *See Plaintiff's Exhibit 3*.

As such, the Defendant's refusal to produce the copies is not unreasonable, nor has Plaintiff suffered any prejudice as a result of the Defendant's declination. Plaintiff's ability to secure copies of these deposition transcripts has not been terminated or otherwise prevented by Defendant; Plaintiff may still contact the court reporter contracted by the Defendant and obtain copies of same from that court reporter.

4.

WHEREFORE, PREMISES CONSIDERED, the United States prays that this Court deny the "Plaintiff's Third Motion to Compel Discovery."

        Respectfully submitted,

        DONALD J. DeGABRIELLE, JR.
        United States Attorney

        **/s/ Nancy L. Masso**
        NANCY L. MASSO
        Assistant U.S. Attorney
        600 E. Harrison, #201
        Brownsville, TX 78520
        Tel:   (956) 548-2554
        Fax:   (956) 548-2549
        Texas State Bar No. 00800490
        Federal I.D. No. 10263

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the true and foregoing "Defendant's Response In Opposition To Plaintiff's Third Motion to Compel Discovery" was mailed on this the <u>3rd</u> day of <u>October</u>, 2006 via Certified Mail, Return Receipt Requested to Barry R. Benton, Attorney at Law, 284 Ebony Avenue, Brownsville, TX 78520.

                                      **/s/Nancy L. Masso**
                                      NANCY L. MASSO
                                      Assistant United States Attorney