United States District Court
Southern District of Texas
ENTERED
OCT 1 1 2006
Michael N. Milby, Clerk of Court
By Deputy Clerk D. Ahumada

United States District Court
Southern District of Texas
FILED
OCT 1 0 2006
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS ALEJANDRO GARZA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-154 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on October 10, 2006, the Court **GRANTED IN PART AND DENIED IN PART** Plaintiff's Motion for Government to Produce Inmate Witnesses. Dkt. No. 67.

Plaintiff requests that the U.S. Marshall produce 11 inmates, including Plaintiff, so that they may testify at Plaintiff's civil trial. *Id.* at 1–2. Plaintiff asserts that the inmates "have relevant knowledge as to the assault, and whether [the guard] was patrolling the yard . . . prior to the assault on Plaintiff." *Id.* at 2. Plaintiff also includes statements of some of the requested inmates as evidence of their relevant knowledge of the incident at issue. *Id.* at Exhibit 1.

A prisoner does not have a constitutional right to be present or testify at his own civil trial. Latiolais v. Whitley, 93 F.3d 205, 208 (5th Cir. 1996) (citing Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977)). However, this does not warrant a summary exclusion of the prisoner-plaintiff from such a trial. *Id.* Instead, when deciding whether to allow a prisoner-plaintiff or an inmate witness to be present or testify at trial, a district court must consider factors such as "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the

prisoner is released without prejudice to the cause asserted." *Ballard*, 557 F.2d at 480. The court's decision should not be based on the probability of Plaintiff's success on the merits of his civil claim. *Id.* at 481. Additionally, the need for credibility assessments of witnesses should be given important consideration when weighed against the resolution, security, and expense factors previously listed. *Latiolais*, 93 F.3d at 208–209 (stating that "the entire case depended on assessing the credibility of the prisoners and their witnesses versus the credibility of prison officials").

In the present filing, Plaintiff has offered statements of inmates Anibal Cabrera-Piris, Jose Luis Guzman-Posos, George E. Hayes, Robert Hammons, John Gomez, and Alfonso Martinez as evidence of their relevant knowledge pertaining to Plaintiff's assault and whether the guard was patrolling the area where the incident occurred. Dkt. No. 67, Exhibit 1. The Court finds that the evidence provided indicates that the inmates listed above have knowledge pertaining to the facts at issue in this case. Plaintiff, having experienced the events at issue, also has relevant knowledge that may further the resolution of this case. Additionally, to the extent that the testimony of Plaintiff's and Defendant's witnesses will differ regarding whether the guard was patrolling the yard at the time of the assault, it is likely that credibility assessments of Plaintiff's and Defendant's witnesses will play a role in the trial of this case. Therefore, the Court determines that the U.S. Marshall shall produce the inmates listed above for the trial of this case.

Plaintiff has not offered any evidence as to the relevant knowledge of inmates Antonio DeWayne Frazier, Manuel Montemayor, Juan Humberto Munoz, and Cesar Cisneros. *See id.* Accordingly, the Court finds that Plaintiff has not shown that these inmates have relevant knowledge that will further the resolution of this case. Therefore, the Court determines that the U.S. Marshall should not produce these inmates for the trial of this case.

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Government to Produce Inmate Witnesses. Dkt. No. 67. Plaintiff's motion is **GRANTED** as to inmates Luis A. Garza, Anibal Cabrera-Piris, Jose Luis Guzman-Posos, George E. Hayes, Robert Hammons, John Gomez, and Alfonso Martinez. Therefore, the Court **ORDERS** the U.S. Marshall to produce the following inmates, if still

in custody, to appear for the trial of this case on November 29, 2006, at 9:00 a.m.:

    Luis A. Garza #92434-079

    Anibal Cabrera-Piris #93405-079

    Jose Luis Guzman-Posos #86842-079

    George E. Hayes #03996-025

    Robert Hammons #29501-077

    John Gomez #05760-080

    Alfonso Martinez #85652-079

Plaintiff's motion is **DENIED WITHOUT PREJUDICE** as to inmates Antonio DeWayne Frazier, Manuel Montemayor, Juan Humberto Munoz, and Cesar Cisneros. Plaintiff may refile this motion with evidence, under seal, showing the inmates' relevant knowledge pertaining to the issues present in this case.

DONE at Brownsville, Texas, this 10 day of October, 2006.

Hilda G. Tagle
United States District Judge