IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 1 6 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LUIS ALEJANDRO GARZA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-02-154 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on October 16, 2006, the Court considered Plaintiff's Third Motion to Compel Discovery. Dkt. No. 66.

Presently before the Court is Plaintiff's Third Motion to Compel Discovery. *Id.* In this motion, Plaintiff makes three requests. *Id.* First, Plaintiff requests that the Court compel the Government to produce the whereabouts of particular former inmate witnesses who are currently believed to be on supervised release. *Id.* at 1. Second, Plaintiff asks the Court to compel the Government to produce videotapes and photographs pertaining to the incident at issue and Plaintiff's damages. *Id.* at 2–3. Third, Plaintiff requests the Court to order the Government to produce copies of deposition transcripts. *Id.* The Government opposes some of Plaintiff's requests. Dkt. No. 71.

### I.   Plaintiff's Request for Last Known Addresses of Former Inmates

First, Plaintiff seeks an order from the Court compelling the Government to produce information regarding the last known addresses of former inmate witnesses who are currently on supervised release. Dkt. No. 66, at 1–2. Plaintiff desires this information so that he may assess the extent to which the former inmate witnesses have knowledge

regarding the incident at issue. *Id.* In its response to Plaintiff's motion, the Government indicates that it has provided Plaintiff's counsel with information "relating to where the witnesses at issue are required to report for their supervised release." Dkt. No. 71, at 1. Additionally, the Government explains that although the Bureau of Prisons ("BOP") is the Government's targeted agency in this action, the BOP does not have access to the information Plaintiff requests. *Id.* The Government indicates that the United States Probation Office, which is an agency of the Court, has custody of the information desired by Plaintiff. *Id.* The Government does not oppose a court order compelling the production of the requested information from the United States Probation Office, so long as Plaintiff's counsel is prohibited "from sharing the information with the Plaintiff, or his associates, without first seeking permission from the Court." *Id.* at 1–2.

The Court finds that the former inmates listed may have knowledge of discoverable matters that Plaintiff may use to support his claims. *See* FED. R. CIV. P. 26(b)(1). However, the United States Probation Office is not a party to this case, nor is it an entity under the control of the Government. *See* United States v. Reyes, 283 F.3d 446, 455 (2nd Cir. 2002) ("[T]he United States Probation Office is established . . . as an arm of the United States District Court . . . it is reasonable to view the United States Probation Office itself as a legally constituted arm of the judicial branch." (quoting United States v. Inserra, 34 F.3d 83, 88 (2nd Cir. 1994))). Additionally, a district court does not have "a broad, general inherent power to order a non-party beyond the district to produce documents." Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 2 F.3d 1397, 1409 (5th Cir. 1993). Furthermore, Probation Officers serve a particular United States District Court within a particular jurisdiction, and they are under the direction of that court. 18 U.S.C. § 3602(a). Because of this, to the extent that the respective United States Probation Officers who would have control over the requested information do not serve, and are not under the direction of, this Court, the Court may not order those officers and the United States Probation Office to produce the information that Plaintiff requests. Therefore, Plaintiff's request to compel production of the last known addresses of former inmate witnesses is **DENIED**. However, the Court notes that if the requested information is acquired by the Government in the future, the Government must provide that information to Plaintiff

because it is under an ongoing obligation to provide Plaintiff with the location of persons with relevant knowledge of discoverable matters. FED. R. CIV. P. 26(b)(1). Additionally, in the interest of facilitating discovery for both Plaintiff and the Government, the Court is in the process of ascertaining whether telephonic conferences may be arranged involving the former inmates, their respective Probation Officers, Plaintiff's counsel, and the Government, so that the extent of the former inmates' relevant knowledge may be assessed.

II.     **Plaintiff's Request for Production of Videotapes and Photographs**

Second, Plaintiff moves the Court to compel the Government to produce videotapes and photographs pertaining to the assault on Plaintiff and Plaintiff's resulting injuries. Dkt. No. 66, at 2–3. Alternatively, Plaintiff requests that the Government produce the F.B.I. agent who last had custody of the requested videotapes and photographs to explain why the items no longer exist. *Id.* at 3. Plaintiff has previously acknowledged that the Government has produced videos of various rotating surveillance cameras at the Three Rivers facility. Dkt. No. 60, at 2. However, Plaintiff has also requested that the Government produce videotapes specific to the cameras located in the recreational yard where the incident at issue occurred. Dkt. No. 66, at 2. At other times, Plaintiff has requested that the Government produce still photographs from the surveillance videotapes. Dkt. No 66, at 2. The Government has indicated to the Court that it has produced the videotapes in its possession to Plaintiff, but it cannot locate other videotapes that Plaintiff has requested. Dkt. No. 71, at 2. The Court determines that clarifications of Plaintiff's requests and the Government's responses are necessary in order to find whether production of videotapes and photographs should be compelled. Therefore, the Court **ORDERS** the parties to appear for a hearing concerning this matter.

III.    **Plaintiff's Request for Deposition Transcript Copies**

Third, Plaintiff requests that the Court compel the Government to produce copies of deposition transcripts at a reasonable cost per page. Dkt. No. 66, at 3. Plaintiff originated the depositions. *Id.*, Ex. 1 at 2. At that time, Plaintiff indicated to the

Government that he would take the depositions by videotape only, and the Government would have to pay for the costs of a stenographer if it wished to have deposition transcripts made. *Id.*, Ex. 1 at 2–3. When informed of this, the Government told Plaintiff that it would have the depositions transcribed, but it would not provide him with copies of the transcripts. *Id.*, Ex. 3. Plaintiff now seeks to have the Government provide him with transcript copies. Dkt. No. 66, at 3. The Court finds that Plaintiff should request copies of the deposition transcripts from the court reporter at a reasonable cost. *See* FED. R. CIV. P. 30(f)(2). The fact that Plaintiff is indigent does not affect Plaintiff's request. *See* 28 U.S.C. § 1915; Brown v. Carr, 236 F.R.D. 311, 313 (S.D. Tex. 2006). Therefore, Plaintiff's request to compel the Government to produce copies of deposition transcripts is **DENIED**.

### IV.  Conclusion

Based on the foregoing, the Court **ORDERS THE PARTIES TO APPEAR FOR A HEARING and DENIES IN PART** Plaintiff's Third Motion to Compel Discovery. Dkt. No. 66. The Court **ORDERS** the parties to appear for a hearing on October 20, 2006, at 10:00 a.m., regarding Plaintiff's requests for production of videotapes and photographs and Defendant's responses to such requests. Plaintiff's motion is **DENIED** as to his requests for the last known addresses of former inmate witnesses and as to his request to have the Government produce copies of deposition transcripts.

DONE at Brownsville, Texas, this 16 day of October, 2006.

Hilda G. Tagle
United States District Judge